## W. F. DOGGET v. J. D. BLADES & SHIRLEY.

**Ejectment—Possession of Defendant—Recovery.**

Where plaintiff in ejectment fails to show that defendant was in possession of any part of the land when the suit was brought, plaintiff is not entitled to any relief against defendant.

APPEAL FROM PENDLETON CIRCUIT COURT.

January 20, 1874.

OPINION BY JUDGE LINDSAY:

That Dogget was apprised of the claim asserted by Shirley to the small piece of land in his possession at the time he contracted with, and accepted the deed from Blades, is made perfectly clear by the testimony of himself and Shoewalter, his own witness. But notwithstanding all this, upon the pleadings he was entitled to judgment against Shirley for the possession thereof.

It is expressly charged that Shirley is in possession of a portion of the land conveyed to appellee by Blades. Process was served upon him and he failed to answer. He can not be allowed to take advantage of Blades' defense. Appellant holds the legal title to the land, and is presumptively entitled to the possession. The relief prayed against Shirley does not affect Blades, and he ought not to be allowed to defend for him.

As Shirley failed to answer, judgment should have been rendered against him for the possession of so much of the Blades tract as he had in his possession. It was, therefore, error to dismiss appellant's petition as to him.

As appellant utterly failed to show that Blades was in possession of any part of the land when the suit was instituted he was entitled to no relief as against him. The petition does not set up a state of case authorizing a rescission of the contract of sale. Judgment was properly rendered against appellant for the balance due on the purchase money.

For the error indicated the judgment as to Shirley is reversed and the cause remanded, for further proceedings consistent with this opinion.

*Clarke & Dills, for appellant.*

*Lee, for appellee.*